

ROCKEFELLER CENTER
1270 AVENUE OF THE AMERICAS
24TH FLOOR
NEW YORK, NY 10020
T 212.307.5500   F 212.307.5598   www.Venable.com

May 19, 2020

Brian J. Clark
**T** 212.503.0544
**F** 212.307.5598
bjclark@venable.com

**VIA ECF**

The Honorable Nelson S. Román
United States District Court
300 Quarropas Street
White Plains, New York 10601

      Re:    *Nurse Anonymous v. Good Samaritan Hospital of Suffern, NY, et al.,*
             Civil Action No. 20-cv-03119 (NSR)

Dear Judge Román:

      This law firm represents Defendants Good Samaritan Hospital of Suffern, NY ("Good Samaritan"), Bon Secours Charity Healthy System, ("BSCHS"), and Westchester Medical Center Foundation (the "Foundation," sued herein as Westchester Medical Health Foundation, Inc.) in the above-referenced matter. Pursuant to Rule 3(A)(ii) of Your Honor's Individual Practices, Defendants respectfully request a pre-motion conference on a motion to dismiss the Complaint ("Complaint") pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6).

      Plaintiff Nurse Anonymous ("Plaintiff") asserts that Defendants (i) failed to accommodate him and discriminated against him in violation of the Rehabilitation Act and the New York State Human Rights Law ("NYSHRL"); (ii) retaliated against her in violation of the NYSHRL and New York Labor Law ("NYLL") § 741; and (iii) intentionally inflicted emotional distress against him.[1] Defendants seek dismissal of these claims on the grounds that Plaintiff fails to state a claim, as required by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

      **A.    Plaintiff Has Not Obtained Leave to Proceed Anonymously.** A plaintiff may not proceed under a pseudonym without leave of Court. *See* FRCP 10(a); *see also Doe v. Bedford Cent. Sch. Dist.*, No. 18 CV 11797 (VB), 2019 U.S. Dist. LEXIS 20625, at *1 (S.D.N.Y. Feb. 8, 2019) (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008)). Here, Plaintiff has not moved for such leave, and therefore cannot continue with his claims. *Bedford Cent. Sch. Dist.*, No. 18 CV 11797 (VB), 2019 U.S. Dist. LEXIS 20625, at *1. Further, Plaintiff does not succeed in satisfying the 10 factors balancing test established by this Circuit for proceeding anonymously. *Sealed Plaintiff*, 537 F.3d at 189-90. Paragraph 4(a) of the Complaint merely recites some of those 10 factors without providing any facts to substantiate Plaintiff's request. As such, the Complaint must be modified, and Plaintiff must be named, to comply with FRCP 10(a).

      **B.    No Substantive Allegations Against Defendants Foundation and BSCHS.**
Plaintiff names the Foundation as a Defendant even though the Complaint posits *no* substantive

---

[1] Plaintiff wishes to proceed anonymously. Defendants refer to Plaintiff herein alternately using male and female pronouns.



allegations against it. The sole mention of the Foundation in the Complaint is the conclusory (and incorrect) allegation that the Foundation "does business as" the Westchester County Health Care Corporation. ("WCHCC"). The Complaint likewise makes no other mention of WCHCC. The Complaint thus fails to state a claim against the Foundation. Compl., ¶ 8; *Johnson v. MediSys Health Network*, No. 10-CV-1596 (ERK) (VVP), 2011 U.S. Dist. LEXIS 156828, at *68-69 (E.D.N.Y. Apr. 28, 2011).

Further, "Count Seven" (Emotional Distress) is the only one in which Plaintiff asserts a claim against BSCHS. Yet, to support this claim, Plaintiff *only* refers to conduct allegedly perpetrated by Good Samaritan. *See,* Compl., ¶ 118 ("The intentional actions of *the hospital* include. . ."). This begs the question as to why BSCHS is a defendant in the Complaint as Plaintiff does not allege *any* action on its behalf. *Johnson*, No. 10-CV-1596 (ERK) (VVP), 2011 U.S. Dist. LEXIS 156828, at *68-69 ("Fed. R. Civ. P. 8 requires that the plaintiffs 'indicate clearly. . . the basis upon which relief is sought against the particular defendants.'") (citation omitted). Thus, BSCHS should be dismissed as a party to this action.

      **C.**    **Failure to State Disability Related Claims.** As an initial matter, Plaintiff fails to identify which section of the Rehabilitation Act is the foundation of her disability causes of action. This is of particular import in the instant matter because different sections of the Rehabilitation Act contain different exhaustion requirements. Plaintiff's failure to plead with specificity prevents Defendants from determining whether Plaintiff has exhausted administrative remedies as a condition to bringing suit.

Plaintiff alleges that Good Samaritan failed to reasonably accommodate his alleged disability and discriminated against her in violation of the Rehabilitation Act and NYSHRL. First, Plaintiff fails to allege a qualified disability. Plaintiff seemingly raises three potential disabilities: (i) COVID-19 from which she admittedly recovered; (ii) perceived contagiousness after recovering from COVID-19; and (iii) chronic kidney disease. Based on the allegations in the Complaint, such afflictions do not qualify as disabilities under the law. *See, e.g., Smith v. N.Y.C. Dep't of Educ.*, No. 18 Civ. 8545 (PGG), 2019 WL 6307471, at *8 (S.D.N.Y. Nov. 22, 2019); Compl., ¶¶ 46-47, 95-96, 100.

Further, Plaintiff has not suffered an adverse employment action. Plaintiff, an Intensive Care Unit ("ICU") Critical Care Nurse (*see* Compl., ¶¶ 65-66), claims she should have been transferred out of the ICU to a "non-COVID" area of Good Samaritan due to his dissatisfaction with the N95 mask provided to her. A denial of a transfer is not an adverse employment action if "the terms, privileges, duration, or condition of a plaintiff's employment do not change." *Pimentel v. City of N.Y,* 74 F. App'x 146 , 148 (2d Cir. 2003) (summary order). Here, Plaintiff does not allege that a transfer to another unit would have resulted in any materially different terms and conditions of employment—she would have remained a nurse caring for patients with no alleged change in compensation. *Smith*, No. 18 Civ. 8545 (PGG), 2019 WL 6307471, at *7-8. Plaintiff's suggested constructive discharge is also insufficient. *See infra*.

Moreover, Plaintiff cannot show that her accommodation requests were reasonable. The alleged requests were made in the midst of Good Samaritan dealing with the height of an unprecedented pandemic, where Good Samaritan—and especially the ICU—was inundated with



critically-ill patients and where supplies of personal protective equipment were scant, necessitating their rationing to hospitals by the State of New York.  In light of this, Plaintiff's suggested, and unfounded, accommodations requests of being immediately provided a "special mask" costing $1,700 (instead of the N95 mask everyone else was using) or being transferred away from ICU (where critical care nurses, with their specialized skills, were desperately needed) were not reasonable.  Good Samaritan's failure to grant these requests were justified by its limited resources and extraordinary, unprecedented need.

      **D.**    **Failure to State Retaliation Claim.**  Plaintiff appears to claim that his *voluntary* resignation was a retaliatory adverse action by alleging that it amounted to a constructive termination.  To establish a "constructive termination," the pleading must set forth conditions that "are so difficult or unpleasant that a reasonable person in the employee's shoes would have felt *compelled to resign*."  *Terry v. Ashcroft*, 336 F.3d 128, 152 (2d Cir. 2003) (citation and quotation marks omitted) (emphasis added).  Plaintiff fails to do so here.  In addition, "employee must show that her employer acted 'deliberately' to make working conditions intolerable" and "with the intention of compelling [the employee's] resignation."  *Leehim v. N.Y.C. Dep't of Educ.*, No. 17 Civ. 3838 (PAE), 2017 U.S. Dist. LEXIS 192747, at *13, 15 (S.D.N.Y. Nov. 21, 2017).  The Complaint belies any deliberate intent. Plaintiff's own allegations show that numerous individuals tried to entice him to come back to work, and Plaintiff himself proposed his return to work.  *See, e.g.*, Compl., ¶¶ 69-71, 83-85, 89.  Further, Plaintiff's retaliation claims amount to nothing more than a mere recitation of the elements of the cause of action, while missing the essential element of causation between the alleged employment action and Plaintiff's purported reporting.  *See Baez v. Visiting Nurse Serv. of N.Y. Family Care Serv.*, No. 10 Civ. 6210 (NRB), 2011 WL 5838441, at *6 (S.D.N.Y. Nov. 21, 2011).  Thus, Plaintiff's retaliation claims must be dismissed.

      **E.**    **Failure to State Plaintiff's Intentional Infliction of Emotional Distress Claim.**  Plaintiff's claim of intentional infliction of emotional distress ("IIED") must fail because the vague and conclusory allegations upon which he relies do not rise to the high level of severity required.  *Lee v. Sony BMG Music Entm't, Inc.*, 557 F. Supp. 2d 418, 426 (S.D.N.Y. 2008). Plaintiff simply states that Good Samaritan's purported intentional actions "sent Plaintiff into a whirlwind of panic and fear."  Compl., ¶ 115.  Beyond this, Plaintiff alleges only a threadbare recital of the standard of the claim, and then offers the conclusion that the "causation is plain," and therefore, he has a viable claim of IIED.  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555.  Plaintiff's vague assertion that she has suffered extreme emotional distress is simply a formulaic allegation wholly devoid of any facts in support of it, and does not satisfy the requisite pleading standard.  *See Medcalf v. Walsh,* 938 F. Supp. 2d 478, 489 (S.D.N.Y. 2013).

    We thank the Court for its consideration of the foregoing.

        Respectfully submitted,
        /s/ Brian J. Clark
        Brian J. Clark