USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/29/2021

**GREGORY ANTOLLINO, ESQ.**
275 Seventh Avenue, 7th Floor
New York, NY 10001
gregory@antollino.com
(212) 334-7397

Plaintiff's untimely request for an extension is granted nunc pro tunc: the second amended complaint must be filed on or before November 12, 2021. NO FURTHER EXTENSIONS. If Plaintiff files a second amended complaint, Defendants shall answer the second amended complaint or seek leave to file a non-duplicative motion on or before December 3, 2021. The Clerk of Court is directed to terminate the motion at ECF No. 33.

SO ORDERED:

Dated: October 29, 2021
White Plains, NY

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

October 28, 2021

Judge Nelson S. Román
United States District Court
300 Quarropas Street
White Plains, New York 10601

MEMO ENDORSED

Earl v. Good Samaritan Hospital et al., 20-cv-03119 (NSR)

RE:   Request for extension of time for filing amended complaint; Report of incivility

Dear Judge Roman:

There but for the Grace of a Higher Power (if there is one) go us all. You ordered that plaintiff could file a Second Amended Complaint on or before October 20, 2021. I – as lead counsel – missed that date for several reasons, which are summarized in the email attached as an exhibit that I sent to Mr. Brian Clark. My co-counsel, Stephen Bergstein, asked simply for a nominal extension (albeit nunc pro tunc) and Mr. Clark denied the request. When I saw Mr. Clark's exclamation point, I tried to reason with him, he said "No[,]" as you will see.

1. I was recently the victim of a robbery in which valuable property was stolen. Yesterday, I was at the 108th Precinct viewing a photo array in which I identified the culprit. It took several days of tracking down items that had been stolen from me and DNA swabbing before one of the persons who robbed me was identified. Detective Hirdt of that Precinct told me an arrest will be made, as the identification was correct.

2. I made the decision to take on a case involving a gay man recently released from prison. I took the potential client because is bipolar and was a gay, black prisoner, and – as he alleges – he was beaten by a corrections officer for being gay. I choose my sexual orientation cases carefully and, here, the client is bipolar, which my late brother was. I've been spending more time in preparing this case than I would like because the client is bipolar. I decided finally that I could not represent the potential client because, as in my brother's case, there is no reasoning with the bipolar.

3. I have several cases involving Covid and the development of the law in that area is important. This case involves Covid. If we cannot resolve a case like this in the merits, the law will be less certain. This is not to mention that my client, Nicholas Earl, still cannot smell after over a year, despite having gone to several doctors. He also reports permanent lung damage.

4. In one case I have in this Court, the CEO of a major nurse staffing company resigned because he was conducting as anti-masking campaign on the sly as he was supplying nurses to treat Covid in hospitals in this City and all over the U.S.

5. I have, in general, been bombarded with defense motions to dismiss (or in one case a change in venue) when, before the pandemic, these motions were rarely made. I have pleaded with the bench to dissuade these motions – which the plaintiff's bar calls "Billing Motions" (billing for defense counsel) – without success. My cases are not going to trial because of so much paperwork. In my opinion – whether I am correct about the merits of this case - Mr. Earl's should be decided on the merits, not because I was a week late in filing the amendment. (This is not to mention that there is no prejudice to the defense whatsoever.)

6. Because no cases are going to trial, I cannot win at trial nor settle much. I have settled a total of three cases this year. There is a harm to the adversary system is significant. Cases are not going to trial for plaintiffs lawyers and therefore plans lawyers are not getting paid. In one case, my client, a young man in the Bronx, got Covid and had to settle for less than the case was worth in my opinion. Now I can't find him, and I am not sure if he is alive.

7. Law 360 reported this week a case in New Jersey wherein a malpractice action would go forward notwithstanding a plaintiff's lawyer's defense that Covid had changed the legal landscape. This case is correct: If the client remains firm that a case should settle for x rather than x/10, if a lawyer believes the case is worth more than the client can expect in the pandemic, then

8. This year, I moved from Manhattan to Long Island City to a development which was not finished. As a result, there is a water problem in my apartment. I'm luckier than some neighbors who had sewage problems. I escaped them for various reasons I cannot get into, but the water pressure is so low the toilets do not flush. I will probably have to take the developer to court.

9. My father, who just turned 79, is a practicing lawyer in Connecticut who has renal problems. He goes to dialysis every other day and there is a short window in which I can talk to him every day; if I miss that, it is one less time I can talk to him before he dies. He insists he can still work.

10. I lost a boyfriend in Portugal (at least in part) because I could not get to Europe as I was afraid to travel because of the Delta variant.

11. I got my third shot as soon as I could, and it knocked me out for about a week.

12. Because of being locked down, I feel unmoored to my work as a lawyer, as well as, in some cases, space and time. I cannot find my way around Manhattan as before, despite living there for most of my life. My sense of time and space has required me to change

> therapists. Although I never tested positive for Covid, I wonder if I have been afflicted with Brain Fog, a symptom of Covid.

Appendix A of the Standards of Civility applicable in this State and Court state:

> A lawyer should respect the schedule and commitments of opposing counsel, consistent with protection of the client's interests. A. In the absence of a court order, a lawyer should agree to reasonable requests for extensions of time or for waiver of procedural formalities when the legitimate interests of the client will not be adversely affected. B. Upon request coupled with the simple representation by counsel that more time is required, the first request for an extension to respond to pleadings ordinarily should be granted as a matter of courtesy. C. A lawyer should not attach unfair or extraneous conditions to extensions of time. A lawyer is entitled to impose conditions appropriate to preserve rights that an extension might otherwise jeopardize, and may request, but should not unreasonably insist on, reciprocal scheduling concessions. D. A lawyer should endeavor to consult with other counsel regarding scheduling matters in a good faith effort to avoid scheduling conflicts. A lawyer should likewise cooperate with opposing counsel when scheduling changes are requested, provided the interests of his or her client will not be jeopardized. E. A lawyer should notify other counsel and, if appropriate, the court or other persons at the earliest possible time when hearings, depositions, meetings or conferences are to be canceled or postponed.

<u>Brian Clark violated these civility standards</u>. Would it not take more time, I would ask for sanctions. Of course, I would not object if the court meted them out sua sponte. My request – although Mr. Bergstein asked counsel only for an extension to November 15 is to extend the amendment date to November 30. If counsel had insisted on Monday, I would have been worked on the Second Amended Complaint at this time. Instead, I am writing to you about rank incivility. I know the Park Avenue defense bar believes it is immune to civility standards and sanctions motions, but whether the bench enforces them is up to the bench.

Please take notice that the above is not my current address. Because my current office at Regus aka SPACES has discontinued virtual offices, I needed to find a new physical office – which I was looking today (and think I found) at the time this email exchange was in progress – I am "office homeless" at this time – again a function of the pandemic – but expect to update my address to 116 West 23rd Street Suite 500, New York, NY 10011. My email shall be the same as well as my number, but if papers must be delivered, my home office address is 11-07A

46th Avenue PH2, Long Island City, NY 11101.[1]

Sincerely,

/s/ *Greg S. Antollino*

Gregory Antollino

Cc:   Brian Clark, Attorney at Law and Officer of the Court
      Alison Gotfried (who did not write join in the uncivil email)
      Stephen Bergstein

---

[1] I was on the highway to return a rental car at LaGuardia which I rented to visit my father this weekend. Because of the robbery I extended the rental one day then felt I had to one more day because I was so shocked by Mr. Clark's grotesque incivility that I got off the highway and wrote this letter and decided to extend the rent one more day.